**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                              **Case No.: 2:06-CR-100(1)
JUDGE SMITH**

**ALVIN FENDERSON,**

    **Defendant.**                                                    *Standard Action Docket*

## ORDER ON MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case", filed December 13, 2011 (Doc. 352). Defendant was originally sentenced on November 11, 2007 to 262 months imprisonment on Counts 1, 3, 4, 5, 6, 8, 9 and 21 to run concurrently, and 240 months on Count 7 to run concurrently. Defendant's sentence was based on an offense level of 36 and criminal history category II. Defendant's advisory sentencing guideline range was 210 to 262 months. The original guideline calculation was 262-327 months based on an offense level 38 and criminal history II, but the Court reduced the offense level based on the 2007 crack cocaine amendment.

On December 2, 2009, the Sixth Circuit issued an opinion vacating and remanding Defendant Fenderson's case for resentencing to adequately explain the application of the §3553(a) factors to the sentencing. On November 10, 2010, the Court resentenced Defendant Fenderson to 244 months imprisonment on all counts to run concurrently. The reduction in sentence was based on Defendant's rehabilitative efforts since his original sentencing.

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

Counsel for the Defendant, for the Government, and representatives of the United States Probation Officer met to consider the merits of Defendant's case. All agreed to recommend that Defendant Fenderson has met the Commission's eligibility requirements for the retroactive application of Guideline Amendment 748 to his case. After the November 1, 2010 crack amendment is retroactively applied to Defendant's case, Defendant, through counsel seeks a reduction in his base offense level from a 38 to a 36. However, as previously noted, the Defendant already stands at an offense level 36. No further reduction in the offense level is warranted. The parties jointly recommend that the Court reduce Defendant's sentence to 210 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 244 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 210 months.

Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 352 from the Court's pending motion's list.

**IT IS SO ORDERED.**

          */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:   January 4, 2012*
*Effective Date: January 13, 2012*