**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                       **Case No.: 2:06-CR-100(3)
JUDGE SMITH**

**DEDRICK RICHARDSON,**

    **Defendant.**                                    *Standard Action Docket*

## ORDER ON MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case", filed December 13, 2011 (Doc. 354). Defendant was originally sentenced on April 11, 2007 to 232 months imprisonment for the §324(c) violation. Defendant's sentence was based on an offense level of 39 and criminal history category I. Defendant's advisory sentencing guideline range was 262 to 327 months.

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

Counsel for the Defendant, for the Government, and representatives of the United States Probation Officer met to consider the merits of Defendant's case. All agreed to recommend that Defendant Richardson has met the Commission's eligibility requirements for the retroactive application

of Guideline Amendment 748 to his case. After the November 1, 2010 crack amendment is retroactively applied to Defendant's case, his base offense level is reduced from a 39 to a 37. Combined with his criminal history, the new advisory guideline range is 210-262 months. The parties jointly recommend that the Court reduce Defendant's sentence to 210 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The total sentence of 292 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 270 months. Defendant's sentence on Counts 1, 9, 10, and 12 is hereby reduced from 232 to 210 months and the 60 month consecutive sentence on Count 11 is unchanged, for a total aggregate sentence of 270 months.

Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 354 from the Court's pending motion's list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date: January 9, 2012*
*Effective Date: January 19, 2012*