# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEDRICK RICHARDSON,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

CASE NO. 2:11-CV-00479
CRIMINAL NO. 2:06-CR-100(3)
Judge Smith
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this action to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the *Petition*, Doc. No. 341, Respondent's *Return of Writ*, Doc. No. 349, Petitioner's *Motion to Reject Respondent's Arguments*, Doc. No. 358 ["*Motion*"], and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion* be **DENIED** and that counsel be appointed to represent Petitioner at an evidentiary hearing on the claim of ineffective assistance of counsel during the plea negotiations stage. Because Petitioner's remaining claim may be rendered moot depending on the outcome of those proceedings, the Court will not address Petitioner's other claim at this time.

## FACTS and PROCEDURAL HISTORY

The United States Court of Appeals for the Sixth Circuit summarized the facts and procedural history of this case as follows:

> On April 6, 2006, a grand jury indicted Richardson in an indictment that included nine defendants and twenty-one total counts. Richardson was charged with 1) one count of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, 2) two counts of conspiracy to possess with intent to distribute more than five kilograms of cocaine, 3) two counts of distribution of over 500 grams of cocaine, 4) one count of possession of a firearm in

> furtherance of a drug trafficking crime, and 5) one forfeiture count. Richardson was tried jointly with a co-defendant, Alvin Fenderson, in a trial that began on December 14, 2006. At the conclusion of the trial, Richardson was found guilty of seven counts in the indictment.
>
> \*\*\*
>
> Richardson's wife, Ebony White, testified that she removed two firearms from the home. These firearms were recovered during a traffic stop of Kimyada Richardson. Both firearms, a 9mm Ruger pistol and a .40 caliber Taurus pistol, were recovered with magazines and ammunition. White testified that one of the firearms came from a kitchen cupboard. White also indicated that the cupboard was directly above the area in which cocaine powder was cooked into cocaine base. Accordingly, the gun was "strategically located" in close proximity to the drug activity, and as the gun was loaded, it was able to be quickly used during a drug transaction. Furthermore, the gun was removed from the home following Richardson's order to his wife, given after he knew that a drug arrest had been made. It is apparent from that fact that Richardson or White firmly believed that the gun was directly related to the drug activity.
>
> \*\*\*
>
> Richardson admittedly had two kilograms of cocaine powder. This alone creates an inference of a conspiracy. The Government presented additional evidence through the testimony of Hansard, White, and Anthony Bell. Bell testified that he purchased drugs from Richardson on more than one occasion and had witnessed Richardson cooking cocaine powder into cocaine base. Bell also testified that at least on one occasion, he and Richardson delivered drugs to Donte Cobb. Richardson's wife, White, similarly testified that she had witnessed her husband cook up cocaine base and hand a bag to Fenderson that was later found to contain cocaine base.

*United States v. Richardson*, 352 Fed.Appx. 47 (6th Cir. 2009), unpublished, 2009 WL 3765507, at \*1-4 (6th Cir. Nov. 20, 2009). On April 11, 2007, the Court sentenced Petitioner to 232 months incarceration on four of the counts plus sixty months incarceration on the firearm conviction, to be served consecutively. Petitioner timely appealed, challenging his convictions and sentence. *See id.* On November 10, 2009, the United States Court of Appeals for the Sixth Circuit affirmed the

judgment of this Court. *Id.* On June 7, 2010, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari*. *Richardson v. United States,* 130 S.Ct. 3400 (2010). On January 10, 2012, the Court granted Petitioner's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), reducing Petitioner's sentence to an aggregate term of 270 months imprisonment. *Order*, Doc. No. 356.

On June 2, 2011, Petitioner filed his *Petition* under 28 U.S.C. § 2255. He asserts that he was denied the effective assistance of trial counsel because his attorney failed to learn and inform him that his wife and co-defendant, Ebony (White) Richardson, had entered into a plea agreement with the government whereby she agreed to testify against Petitioner. Petitioner also alleges that he was denied the effective assistance of trial and appellate counsel because his attorneys failed to challenge Count 11 of the *Superseding Indictment* as impermissibly constructively amended by the evidence and a jury instruction permitting the jury to use Count 1 as a predicate drug offense even though that count was not listed as a predicate for the offense charged in Count 11.

It is the position of the Respondent that Petitioner's claims lack merit.

**MERITS**

Petitioner first claims that he was denied the effective assistance of counsel because his attorney failed to advise him that his wife, Ebony (White) Richardson, had entered into an agreement with the government whereby she would testify against him at trial. Specifically, Petitioner alleges that, two to three weeks prior to trial, the government extended a plea offer to Petitioner that included a recommended sentence under the United States Sentencing Guidelines of 108 to 135 months imprisonment. Defense counsel advised Petitioner to accept the offer but did not inform Petitioner that his wife might be a government witness. According to Petitioner, defense counsel

3

informed him one week prior to trial that Howard Boddie and Clarence Bell were potential government witnesses. Petitioner alleges that he rejected the government's plea offer because his attorney never advised him of the evidence against him or, in particular, of the possible testimony of his wife. Had he known that his wife would testify against him, Petitioner contends, he would not have proceeded to trial and would have pleaded guilty. *Petition*; *Movant's Sworn Affidavit under Penalty of Perjury*, Doc. 358.

In response to this allegation, Respondent has submitted the affidavit of Attorney Joseph Edwards, *Affidavit of W. Joseph Edwards*, Doc. No. 351, which indicates in relevant part as follows:

> Mr. Richardson. . . . is serving a lengthy prison sentence due to his failure to follow my advice and plead guilty.
>
> I was made aware that Mr. Richardson's wife, Ebony White, had plead guilty and that her guilty plea included a provision that anticipated and allowed for her cooperation. This cooperation could lead to her receiving a lesser sentence tha[n] she would otherwise receive. I informed Mr. Richardson that his wife mi[ght] testify against him.
>
> Mr. Richardson told me that he did not believe that his wife would actually take the stand and testify against him. Mr. Richardson said that the rumor, or word on the street was that she was not going to testify.
>
> I indicated to Mr. Richardson that Ebony White may want to testify so that she could receive a reduced sentence in order to be out of prison sooner to care for her children.
>
> Mr. Richardson indicated that if she did take the stand and testify, that her testimony would not damage his case and would not hurt him.
>
> Mr. Richardson and I met with the prosecution team several times in an attempt to resolve this case. During those meetings, much of the evidence against Mr. Richardson was discussed. He was aware of the

4

> strength of the government's case against him. Mr. Richardson was insistent that he would not plead guilty unless he would receive a sentence of five years or less.
>
> Ebony White did testify in the case, as the government indicated she might. Her testimony corroborated the government's case that Mr. Richardson was a narcotics dealer and that he had a firearm in his kitchen where he kept his drugs.
>
> I represented Mr. Richardson to the best of my ability. The evidence against him was simply too strong to convince a jury to acquit him.

*Id.*

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* . To establish the second prong of the *Strickland* test, *i.e.,* prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the Court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

A criminal defendant is entitled to the effective assistance of counsel during the plea negotiation process. *Lafler v. Cooper*, – U.S. –, 132 S. Ct. 1376 (2012).

> Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( *i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1385. The United States Court of Appeals for the Sixth Circuit has described the obligations of defense counsel as it relates to advice during the plea negotiations stage as follows:

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Smith v. United States,* 348 F.3d 545, 553 (6th Cir. 2003) (citing *United States v. Day,* 969 F.2d 39, 43 (3d Cir.1992)).

A substantial disparity between the plea offer and the potential sentence exposure

constitutes strong evidence that it is reasonably probable that a properly advised defendant would have accepted the plea offer. *Id.,* at 552 (evidentiary hearing warranted as to whether defendant would have pleaded guilty where attorney failed to convey plea offer of five years and defendant sentenced to 156 months) (citing *Magana v. Hofbauer*, 263 F.3d 542, 552–53 (6th Cir.2001) (difference between ten and twenty year sentence significant); *United States v. Gordon*, 156 F.3d 376, 377–81 (2d Cir.1998) (disparity between ten-year sentence in plea offer and seventeen-and-a-half years the defendant received was objective evidence that a plea would have been accepted). However, an attorney's failure to insist that his client accept the government's plea offer due to overwhelming evidence of guilt does not constitute constitutionally ineffective assistance.

> The decision to plead guilty – first, last, and always – rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction.

*Smith v. United States, supra*, 348 F.3d at 552.

Here, Petitioner alleges that his attorney never advised him of the strength of the government's case against him – particularly, that his wife was a potential witness against him. Had he been so informed, Petitioner asserts, he would not have proceeded to trial, but would have entered a guilty plea. Defense counsel, in his affidavit, indicates to the contrary. According to the affidavit of defense counsel, Petitioner did not believe that his wife would testify against him and that, if she did, her testimony would not hurt him; he also refused to accept a plea offer that entailed more than five years imprisonment. *Affidavit of W. Joseph*

7

*Edwards.* The record reflects a clear dispute of fact in this regard.

Moreover, the disparity between the sentence that Petitioner alleges he would have faced had he accepted the plea offer, *i.e.*, 108 to 135 months, and the sentence that he actually received after trial, *i.e*., 292 months, is substantial. This factor lends some support to Petitioner's assertion that, had he known all the relevant facts, he would have accepted the plea offer. *See Smith v. United States, supra,* 348 F.3d at 552.

Under all these circumstances, the Court concludes that an evidentiary hearing is warranted.

It is therefore **RECOMMENDED** that Petitioner's *Motion,* Doc. 358, be **DENIED** and that counsel be appointed to represent Petitioner at an evidentiary hearing on the issue of claimed ineffective assistance of counsel based on his attorney's alleged failure to advise Petitioner at the plea negotiations stage. Because Petitioner's remaining claim(s) may be rendered moot, depending on the outcome of these proceedings, the Court will not address Petitioner's other claims at this time.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

<u>s/ Norah McCann King</u><br>
Norah McCann King<br>
United States Magistrate Judge

May 15, 2012